**In re Petition of Jacobs**

108

*Robert L. Monks,* for petitioner.

*Richard M. Rubenstein,* for AEGON Structured Settlements Inc. and Monumental Life Insurance Company.

WETTICK, *J.,* July 1, 2006—Petitioner has filed an appeal to the Superior Court from an April 25, 2006 order of court which I entered denying her petition to transfer structured settlement payment rights filed pursuant to the Structured Settlement Protection Act, Act of February 11, 2000, P.L. 1, no. 1, 40 P.S. §4001 et seq.[1] This opinion setting forth the reasons for my ruling is filed pursuant to Pa.R.A.P. 1925.

Section 3(a) of the Structured Settlement Protection Act, 40 P.S. §4003(a), provides that no transfer of structured settlement payment rights shall be effective unless the payee has filed a petition requesting such transfer and the petition has been granted by a final order of court. Under paragraph 3 of section 3(a), a court cannot grant the petition without a finding that "the payee has established that the transfer is in the best interests of the payee or his dependents."

In the case of *In re Johnny Bush,* 152 P.L.J. 207, 208 (2004), I stated that under the Structured Settlement Protection Act, the issue is not whether the petitioner is a competent adult who understands the transaction; in-

---

1. At this time, there are no rules of civil procedure which specifically govern petitions filed pursuant to the Structured Settlement Protection Act. The Civil Procedural Rules Committee is proposing new Rule 229.2 which would govern these petitions. The recommendation of the Rules Committee, which has not been submitted to the Pennsylvania Supreme Court for review, has been published for comments to be submitted by August 31, 2006. See the home page of the Administrative Office of the Pennsylvania Courts at www.aopc.org. or 36 *Pennsylvania Bulletin* at 3521 (7/8/06).

stead, this legislation compels a court to make an independent determination that the transfer is in the best interests of the petitioner:

"I find to be persuasive the description of the role of the court set forth in a memorandum written by Honorable Gene D. Cohen of the Court of Common Pleas of Philadelphia County, no. 03714, September Term 2003, *In re Petition To Transfer Structured Settlement Payment Rights of Mario Curto.*

"In that case, the petitioner sought court approval to permit the purchase for $25,000 of an annuity valued at $38,627. The court stated that the Structured Settlement Protection Act places the burden on the petitioner to establish that the transfer is in the petitioner's best interests:

"In a sense, the Structured Settlement statute places the court in the position of a guardian of a person who stands in the presumptive position of the defenseless recipient of a benefit. It is for the court to determine, as a guardian would, on an independent basis, whether the transaction serves the best interests of an unsophisticated (if not incompetent) person. Pp. 2-3.

"The intent of the Structured Settlement Protection Act, according to this court, 'is to ensure that an otherwise financially defenseless and possibly injured individual would receive a regular, sustaining source of income. Unless the factual record sufficiently supports a compelling and reasonably informed necessity that the plaintiff receive a lump sum discounted payment, this court is reluctant to approve any petition akin to the one before it on the thin record offered in support' (p. 4). Using this standard, the court ruled that the proposed transfer would

operate against the best interests of the petitioner because it would be hazardous to the petitioner's future to entrust him with a lump sum payment rather than receipt of regular payments.

"Also see *In re William Macumber,* no. 151 O.C. 2003, Common Pleas Court of Monroe County, where Judge O'Brien concluded that a proposed transfer was not in the petitioner's best interests:

"The discount rate being charged by 321 Henderson Receivables Limited Partnership is in excess of any interest rate allowed under Pennsylvania law and the payee did not give any coherent or rational reasons for entering into such a bad bargain at this time. The circumstances underlying the present petition are dramatic evidence of the wisdom of the legislature in enacting the 'Structured Settlement Protection Act.'"

The most comprehensive discussion of legislation governing transfers of structured settlement payment rights is set forth in a memorandum and order issued in *In re Theresa Fee,* no. 06 CV 1423 (Lacka. Cty. 6/30/06). In this memorandum, Judge Nealon describes the reasons for the enactment of this legislation and the criteria to be considered in making the determination of whether a transfer is in the payee's best interests.

I require a petition to transfer structured settlement payment rights to contain the information that a court needs to consider in making a determination as to whether the proposed transfer is in the best interests of the payee. I review the petition before scheduling a hearing. If the petition contains insufficient information, I deny the petition in a court order which briefly describes what needs to be addressed in any amended petition that

the petitioner may seek to file.[2] If the petition contains factual allegations that preclude me from finding that the transfer is in the payee's best interests, I deny the petition in a court order which briefly describes my reasons for denying the petition.[3] If the petition, on the other hand, sets forth sufficiently detailed factual allegations that, if established, may support a finding that the transfer is in the payee's best interests, I schedule a hearing on the petition.

At the time my April 25, 2006 court order was entered in these proceedings, it was left to a petitioner to prepare a petition that included the information that a court needed to consider in order to determine whether the transfer would be in a payee's best interests. In early May 2006, I prepared and made available to counsel for petitioners a document entitled *Requirements of Judge Wettick for Petitions to Transfer Structured Settlement Payment Rights,* which is attached to this opinion as attachment 1.

The petition that is the subject of this litigation avers that petitioner was injured in an accident in May 1985. In June 1987, she entered into a settlement agreement with the tort-feasor's insurance company which provided for petitioner to receive the following payments:

---

2. The denial of a petition does not prevent the petitioner from filing an amended petition which contains additional information or a modified agreement to transfer structured settlement payment rights.

3. For example, my court order may state "petition is denied because a 23.4 percent interest rate is excessive" or "petition is denied because income stream that petitioner seeks to transfer in order to purchase a car is needed to pay child support."

"The agreement provided for the following payments to petitioner: 60 monthly payments each in the amount of $1,900 beginning with the payment on July 1, 1987, through and including June 1, 1992; 60 monthly payments each in the amount of $2,150 beginning with the payment on July 1, 1992, through and including June 1, 1997; 60 monthly payments each in the amount of $2,400 beginning with the payment on July 1, 1997, through and including June 1, 2002; 60 monthly payments each in the amount of $2,650 beginning with the payment on July 1, 2002, through and including June 1, 2007; 240 monthly payments each in the amount of $2,900 beginning with the payment on July 1, 2007, through and including June 1, 2027, and monthly payments each in the amount of $2,900 for the rest of petitioner's lifetime thereafter; and lump sum payments of $10,000 due on June 1, 1992; $20,000 due on June 1, 1997; $40,000 due on June 1, 2002; $80,000 due on June 1, 2007; $120,000 due on June 1, 2012; and $150,000 due on June 1, 2017." Petition ¶2 at 1-2.

In the proposed transaction that is the subject of these proceedings, petitioner would be assigning (i) 180 monthly payments in the amount of $1,450 per month, beginning on March 1, 2008 and extending through a February 1, 2023 payment, (ii) a payment of $75,000 from the $120,000 lump sum payment due on June 1, 2012, and (iii) a payment in the amount of $100,000 from the $150,000 lump sum payable on June 1, 2017. The petition alleges that the gross amount payable to petitioner in exchange for the transferred payments is $143,000. (¶10.e at 5.) According to the petition, the

effective annual discount rate for this transaction is 13.97 percent. (¶11 at 6.)[4]

Petitioner alleges that she is 39 years old, married, and has two children. (Petition exhibit D, ¶¶1 and 5 at 1.) Her husband is employed as a service technician and earns approximately $34,000 per year. (Exhibit D, ¶6 at 1.) However, he was injured on the job and was unable to work; he may require surgery which would mean he would miss additional work. Past-due bills are getting further behind. Petitioner has been turned down for consolidation and home equity loans. With the proceeds, petitioner intends to pay off all outstanding bills, loans, medical, and orthodontia expenses, and other debts including property taxes of nearly $2,000. These debts are in excess of $54,000. Also, her home is in need of a new furnace, roof repairs, and repairs due to water damage to the basement. (Exhibit D, ¶12 at 2.)

The petition that is the subject of this litigation does not refer to prior proceedings at GD05-017254 in which,

---

4. This effective annual discount rate is the interest rate that petitioner would be paying if she was a borrower. For example, if a payee is receiving $25,000 on April 1, 2006 in exchange for 36 payments of $1,000 payable from May 1, 2006 to April 1, 2009, the effective annual discount rate is the interest rate that the payee would be paying if she was receiving $25,000 on April 1, 2006 in exchange for making 36 monthly installment payments of $1,000 from May 1, 2006 to April 1, 2009.

This interest rate has nothing to do with a payee's credit rating. The risk that the payments which a payee is assigning will not be paid is based on the credit rating of the insurance company that issued the annuity. In most instances, there is little likelihood that these payments will not be made. Furthermore, it is possible that the transferee will immediately sell the payments which it purchased to the company that issued the annuity.

in a memorandum and order of court dated November 10, 2005, I denied an amended petition by the same petitioner to transfer structured settlement payment rights. In the prior petition, petitioner sought to transfer $100,000 of the $120,000 lump sum payment payable on June 1, 2012 and $130,000 of the $150,000 lump sum payment payable on June 1, 2017 in exchange for a net amount of $62,266. The reason given for the transfer was the petitioner's husband was injured at work in June 2005 and the lump sum would be used to pay debts of approximately $56,000.

I denied the petition for the following reason:

"It appears that petitioner will receive a lump sum payment of $80,000 on June 1, 2007 and that the sale of this payment at the effective interest rate of 15.45 percent will produce the funds which petitioner seeks. Therefore, I cannot make an express finding that it has been established that the proposed transaction described in the petition is in the best interests of petitioner." *In re Michelle Junecko-Jacobs,* no. GD05-017254 at 3 (Allegheny Cty., 11/10/05).

The petition that is the subject of this litigation alleges that previously petitioner entered into a purchase agreement with a different structured settlement purchasing company where she transferred her right to receive the lump sum payment of $80,000 due on June 1, 2007, as well as her monthly payments to March 2008. (¶6 at 3.) Petitioner does not provide any details as to when the transaction occurred, the amount of money that she received, or what she did with this money.

The April 25, 2006 court order that I entered in the current proceedings reads as follows: "Petition is denied;

there is no explanation as to the circumstances of the prior transfer or any showing that the funds from the prior transfer were prudently used–petitioner's best interests are served by preserving an income stream."

I entered the April 25, 2006 court order because I could not make a finding that the transfer of $75,000 payable on June 1, 2012 and $100,000 payable on June 1, 2017 to pay the same debts referred to in the 2005 amended petition would be in petitioner's best interests without an explanation regarding petitioner's use of the proceeds from the sale of the June 1, 2007 lump sum payment of $80,000 and her entire monthly payments through February 2008.

Also, petitioner was no longer seeking to transfer only these two lump sums, which would produce a payment to her in excess of the amount of her indebtedness.[5] She was also seeking to transfer one-half of her tax-free income stream for the next 15 years in a transaction that would result in a net payment of $143,000. There was no explanation in the petition as to the use that would be made of the substantial balance that would remain after payment of debts and making repairs to the house.

I recognize that in paragraph 12 exhibit D, petitioner alleges that her husband had been out of work because he was injured on the job and that if his injury requires surgery, he will be out of work again.[6] I also recognize that petitioner previously assigned her monthly payments

---

5. The amended petition in the 2005 proceedings provided for petitioner to receive net proceeds of $62,266 for the sale of the two lump sums in a transaction in which the effective annual discount rate would be 15.45 percent.

6. There is no mention of workers' compensation payments.

through February 2008. However, I was not presented with a petition (or an amended petition) requesting the sale of a lump sum payment that would produce only sufficient funds to replace the income stream through February 2007 that petitioner previously transferred.[7] Instead, I was presented with a petition in which petitioner sought to give up one-half of her tax-free monthly income stream of $2,900 from March 2008 through February 2023. These monthly tax-free payments of $2,900 are equivalent to monthly earnings of approximately $4,000 (15 percent federal tax, 6 percent state and local taxes, and 7 percent Social Security).

In the statement of matters complained of on appeal, petitioner's counsel contends that I erred as a matter of law by denying petitioner's petition to transfer without first scheduling and holding a hearing. It is the position of petitioner that under 40 P.S. §4004, a court can never deny a petition without scheduling and holding a hearing. Paragraph 4 at 2-3 of the statement quotes this provision as follows:

"The court of common pleas of the judicial district in which the payee is domiciled shall have jurisdiction over any petition as required under section 3 for a transfer of structured settlement payment rights. *Not less than 20*

---

7. Paragraph 19 at 7 of the petition to transfer structured settlement payment rights describes the role of counsel in these proceedings as follows: "[The law firm] has not been engaged to render professional advice with respect to the advisability, or the implications of the transfer, including the tax ramifications of the transfer. Counsel has been engaged solely to prepare and present the within petition, based upon petitioner's independent determination and/or professional advice obtained from others, with respect to the advisability and ramifications of the transfer."

*days prior to the scheduled hearing* on any petition for authorization of a transfer of structured settlement payment rights under section 3, the payee shall file with the court and serve on the transferee a notice of the proposed transfer and the application for its authorization, including in such notice a copy of the payee's petition to the court, a copy of the transfer agreement, a copy of the disclosure statement required under section 3, notification that the transferee, the structured settlement obligor or the annuity issuer is entitled to support, oppose or otherwise respond to the payee's petition, either in person or by counsel, by submitting written comments to the court or *by participating in the hearing and notification of the time and place of the hearing and notification of the manner in which and the time by which written responses to the petition must be filed, which shall be not less than 20 days after service of the payee's notice, in order to be considered by the court.*" (emphasis in statement)

This section does not require the court to schedule a hearing on every petition that is filed. To the contrary, this section addresses notice requirements which insure that interested third parties (the transferee and the structured settlement obligor or the annuity issuer) have the opportunity to submit comments to the court.

The procedure that I am using for petitions to transfer structured settlement rights is a procedure ordinarily used in motions practice. A court does not schedule a hearing unless a petition or motion contains material facts which support the granting of the relief which the moving party seeks.[8]

---

8. A petition to transfer structured settlement payment rights is governed by the Rules of Civil Procedure governing motions practice.

Approximately one year ago, I assumed responsibility for deciding petitions to transfer structured settlement payment rights filed in this court. I have ruled on several dozen petitions.

Initially, I scheduled hearings in every case. I found that this was an inefficient procedure. Where a petition simply alleged that the purpose of the proposed transfer was to pay debts, at the hearing I would question the petitioner as to the amount of the debts and to whom they were owed. The petitioner would say that he or she had not brought this information to the hearing.

Where the allegations in a petition showed that the petitioner's monthly payments of $1,000 were the sole source of income for the petitioner and her baby, and the petitioner sought to transfer monthly payment of $300 to purchase a car, I realized that there was no reason to make the petitioner come to a hearing to be told that I was denying the petition because I believed she needed her full income stream. This is equally true where I told the petitioner at the hearing that I was denying the petition because the effective annual discount rate of 22 percent, set forth in the petition, was far too high.

In the statement of the matters complained of, petitioner states that since I denied her right to a hearing, she was unable to offer to the court any explanation as to the circumstances of the prior transfer and any showing that the funds from the prior transfer were used prudently. However, this is very relevant information that peti-

---

Pa.R.C.P. 208.1. These rules require a motion to set forth material facts constituting grounds for the relief sought. Pa.R.C.P. 208.2(a)(3). These rules permit a court to dispose of a motion without an evidentiary hearing. Pa.R.C.P. 208.3 and 208.4.

tioner's counsel should have included in the petition. Since the Act requires a showing that the transfer is in the best interests of petitioner, it is the obligation of counsel to set forth information that is clearly required in order for the court to make this determination of whether the proposed transfer is in the best interests of petitioner and her dependents. Furthermore, nothing prevented petitioner in this case from filing *at the same case number* an amended petition that addressed the matters referred to in my April 25, 2006 order of court.

In addition, any failure to hold a hearing is harmless error. In her petition, petitioner states that her family is having difficulty making ends meet. Consequently, a transfer of one-half of petitioner's tax-free stream of income for 15 years cannot be within the best interests of petitioner and her dependents.

---

## ATTACHMENT 1

### REQUIREMENTS OF JUDGE WETTICK FOR PETITIONS TO TRANSFER STRUCTURED SETTLEMENT PAYMENT RIGHTS

(1) The parties to the petition to transfer structured settlement payment rights shall be the payee and the transferee.

(2) The petition shall contain factual allegations which, if established, will support the findings set forth in 40 P.S. §4003.

(3) The petition shall contain a paragraph which in bold type sets forth the net amount payable to the payee

after deduction of all commissions, fees, costs, expenses, and charges and which contains the following statement setting forth the interest rate: "Based on the net amount that the payee will receive from this transaction ($____) and the amounts and timing of the structured settlement payments that would be assigned, the payee is, in effect, paying interest at a rate of ____ percent per year."

(4) A payee's affidavit in support of petition in the form prescribed by paragraph (7) shall be attached to the petition as attachment 1.

(5) The petition shall include an initial order of court scheduling the hearing in the form prescribed by paragraph (8) and a final order of court granting the petition in the form prescribed by paragraph (9).

(6) If the petition and payee's affidavit meet the requirements of this rule and state prima facie grounds for relief, the court shall enter an order scheduling a hearing date which shall be at least 30 days from the date of the order scheduling the hearing.

(7) The payee's affidavit in support of petition shall be substantially in the following form:

## PAYEE'S AFFIDAVIT IN SUPPORT OF PETITION

I represent that the information below is true and correct:

(1) Name, address, age.

(2) Marital status:

____ Never married; ____ Married; ____ Separated; ____ Divorced

If married or separated, include spouse's name.

(3) Minor children: names, ages, places of residence.

(4) (a) Payee's monthly income and sources;

(b) If presently married, spouse's monthly income and sources.

(5) Any obligations to pay child support, alimony, or alimony pendente lite?

_____ Yes _____ No

If yes, describe the obligations and state whether there are arrearages.

(6) (a) Have you previously filed a petition to transfer structured settlement payment rights?

_____ Yes _____ No

If yes, for each petition that you filed, state the name of the court, the term and number, and the court ruling. If you received funds, itemize the manner in which the money was used, including receipts and cancelled checks.

(b) Have you ever received a lump sum from a workers' compensation carrier?

_____ Yes _____ No

If yes, describe the date and amount of the payment.

(7) Has any court or responsible administrative authority previously approved the structured settlement that is the subject of this petition?

_____ Yes _____ No

(See requirements of 40 P.S. §4003.3(a)(5)(i)(B).)

(8) Describe, in detail, your reasons for the proposed transfer, including an explanation as to why a sale of a

lesser amount of the structured settlement amount will not better serve your interests. If you seek the transfer in order to pay debts, list each debt, including the name of the creditor and the amount presently owed.

## VERIFICATION

I verify that the statements made in this affidavit are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Date: _____ _____

Signature

(8) The proposed initial order of court shall be substantially in the following form:

## ORDER

On this _____ day of _____, _____, it is ordered that a hearing will be held on this petition to transfer structured settlement payment rights on _____, in courtroom _____ at _____ o'clock; within seven days, the transferee shall notify the structured settlement obligor and the annuity issuer of the hearing date. The payee shall bring income tax returns for the prior two years to the hearing. The payee, the payee's spouse, and any person receiving child support payments, alimony, or alimony pendente lite should attend the hearing.

By the court:

_____

J.

124 

And

(9) The proposed final order of court shall be substantially in the following form:

### ORDER

On this _____ day of _____, _____, it is ordered that the petition for court approval for settlement rights of structured settlement is granted.

The court specifically finds that the requirements of 40 P.S. §4001 et seq. have been met.

Payee shall receive from the transferee, as of _____, the amount of $_____, from which no funds are owed for counsel fees, administrative fees, or other costs or fees.

By the court:

_____

J.